UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDEN DUNCAN,

                Plaintiff,

-against-

NYC HEALTH & HOSPITALS: HARLEM;
ENVIRONMENTAL SERVICES, DUNCAN;
and ENVIRONMENTAL SERVICES
SUPERVISOR, OCTAVIA,

                Defendant.

Case No. 1:25-cv-05615 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On July 8, 2025, *pro se* Plaintiff Branden Duncan ("Plaintiff") filed the Complaint in this action. *See* Dkt. 1. On August 18, 2025, Plaintiff filed three affidavits of due diligence as proof of service of the Complaint on Defendants NYC Health & Hospitals: Harlem; Environmental Services, Duncan; and Environmental Services Supervisor, Octavia ("Defendants"). Dkts. 5-7. On September 2, 2025, the Court declined to accept these affidavits as proof of service, provided Plaintiff with the service address for NYC Health & Hospitals, and reminded him that Federal Rules of Civil Procedure 4(l) and (m) required that he serve the Complaint upon Defendants by October 6, 2025. Dkt. 8.

      On October 8, 2025, the Plaintiff having failed to file proof of service, the Court ordered Plaintiff to show cause why he had not served Defendants with the summons and Complaint within 90 days of filing it, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure or, if Plaintiff believed that Defendants had been served, to show when and in what manner that service was made. *See* Dkt. 9. In his October 27, 2025 response to the Court's Order, *see* Dkt. 10, Plaintiff stated that his failure to serve Defendants "was unsuccessful on three attempts," but that the Court's provision of the correct address for Defendant NYC Health & Hospitals made

Plaintiff "now able to move forward with the Process Server to now serve the correct address," and "[t]his way we can proceed with obtaining the Certificate of Service for the next steps to further the case." Dkt. 10. Plaintiff requested a 90-day extension of his time to serve Defendants "so that we can rectify this unexpected obstacle." *Id.*

Under Federal Rule of Civil Procedure 4(m), a court must extend a plaintiff's time to serve the Complaint "if the plaintiff demonstrates good cause." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). However, the Court also has "wide latitude . . . in deciding when to grant extensions on time to serve, including . . . grant[ing] extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including where the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order); *accord Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021).

The Court will grant Plaintiff an extension of time to serve the Complaint. While Plaintiff's affidavits of due diligence are insufficient proof of service, they demonstrate reasonable diligence by Plaintiff, a *pro se* litigant, to timely serve Defendants with the Complaint.

Accordingly, the Court will extend Plaintiff's time to serve the Complaint, but will not provide another 90 days to do so under the present circumstances. The Court will extend Plaintiff's time to serve the Complaint to **November 28, 2025**. If Plaintiff needs additional time

for service, he must move for an extension and provide good cause for doing so. Failure to file proof of service — or move for an extension of time, or otherwise communicate with the Court — by **November 28, 2025** may result in dismissal of Plaintiff's action for failure to prosecute.

Dated: October 29, 2025
      New York, New York

                                          SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge