UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDEN DUNCAN,

Plaintiff,

-against-

NYC HEALTH & HOSPITALS: HARLEM, et al.,

Defendants.

Case No. 1:25-cv-05615 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Branden Duncan's ("Plaintiff") opposition to Defendants' motion to dismiss was due August 31, 2026. *See* Dkt. 34. The Court has not yet received such opposition. On September 2, 2026, however, the Court received a letter from Plaintiff, dated August 25, 2026, requesting that he "be assigned a pro bono counsel" to "aid & assist [him] with this case in totality," including by assisting him in preparing his response to the motion to dismiss. Dkt. 35. The request is DENIED.

There is no constitutional right to counsel in civil cases. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *accord United States v. Pouryan*, No. 11-cr-00111 (NRB), 2023 WL 8622160, at *4 n.8 (S.D.N.Y. Dec. 12, 2023). Title VII of the Civil Rights Act of 1964 ("Title VII") — one of the statutes on which Plaintiff bases this action, *see* Dkt. 1 at 3 — does permit the Court to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). But the Court, so long as it is "guided by sound legal principals," has "substantial 'discretion'" in determining whether appointment of counsel is necessary in a Title VII action, and its analysis should "include[] the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v.*

*A. Sargenti Co.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The paramount inquiry is whether the plaintiff's "position [is] likely to be of substance," and the Court "should . . . consider [the] other criteria" "[o]nly 'if the claim meets this threshold requirement.'" *Id.* at 172 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Accordingly, where a Title VII "case [is] unlikely to be meritorious, . . . [a] district court d[oes] not err in failing to appoint counsel." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 206 (2d Cir. 2003). Indeed, "[b]ecause 'volunteer lawyer time is a precious commodity,' courts should not grant *pro bono* representation to a plaintiff with 'a meritless case that no lawyer would take' were the plaintiff able to afford counsel." *De Luca v. Barreto*, No. 04-cv-08133 (KMW) (DF), 2005 WL 1949516, at *2 (S.D.N.Y. Aug. 12, 2005) (alteration adopted) (quoting *Cooper*, 877 F.2d at 172, 174); *see also Herbert v. SanFeliz*, No. 22-cv-04299 (KMK) (JCM), 2025 WL 3205514, at *1 (S.D.N.Y. Nov. 17, 2025) ("As the Court 'does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event.'" (quoting *Ramey v. Dep't of Corr.*, No. 13-cv-00017 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013)).

Here, Plaintiff's Title VII claim — which he also brings under the New York State Human Rights Law and New York City Human Rights Law, *see* Dkt. 1 at 4 — is premised entirely on a single incident in which two of his colleagues entered a locker room, without first knocking, in which he was changing his clothes. *See id.* at 5-6. He contends that Defendants are, therefore, liable for workplace harassment and hostile work environment. *Id.* at 5. For such a claim, however, Title VII requires a "show[ing] that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Littlejohn*

*v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff's allegations do not show sufficient merit, under that standard, to warrant appointment of counsel. *See, e.g.*, *Ferrelli*, 323 F.3d at 198, 204-05 (finding that plaintiff, who was white, did not have a case requiring appointment of counsel where "her Title VII race-discrimination claim" was based on her allegations that "non-white employees" had not been terminated despite committing more serious workplace infractions than hers, and that "the individual who fired her . . . [wa]s African-American," because "[a]bsent either evidence or more detailed allegations, she failed to demonstrate that her claim had sufficient merit").

Therefore, Plaintiff's request for appointment of pro bono counsel is DENIED. As noted, Plaintiff's opposition to Defendants' motion to dismiss was due August 31, 2026, and the Court has not yet received it. As a courtesy, the Court extends Plaintiff's time to file that opposition to **September 25, 2026**.

Dated: September 3, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge